**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| | * |
| **IN RE:** | *   Master Case No.: RWT 09md2083 |
| **KBR, INC., BURN PIT LITIGATION** | * |
| | *   This Document Relates To: |
| | *   All Member Cases |
| | * |
| | *** |

**<u>MEMORANDUM OPINION</u>**

On September 8, 2010 this Court entered a Memorandum Opinion and Order denying without prejudice all of the then pending motions to dismiss and directing counsel for the Plaintiffs, Defendants, and the United States of America to file a joint proposed jurisdictional discovery plan on or before October 29, 2010. <u>See</u> ECF Nos. 98 and 99. In footnote 15 at the conclusion of the Memorandum Opinion of September 8, 2010, the Court noted "that the United States Court of Appeals for the Fourth Circuit has scheduled oral argument on October 26, 2010 before a single panel in three cases that address many of the arguments that have been presented by the parties in this case. <u>See</u> <u>Al Shimari v. CACI Premier Tech., Inc.</u>, 657 F. Supp. 2d 700, 721 (E.D. Va. 2009), <u>appeal docketed</u>, No. 09-1335 (4th Cir. 2010); <u>Taylor v. Kellogg Brown & Root Services, Inc.</u>, Civil No. 2:09cv341, 2010 WL 1707530, at \*10 (E.D. Va. Apr. 19, 2010), <u>appeal docketed</u>, No. 10-1543 (4th Cir. 2010); <u>Al-Quraishi v. Nakhla</u>, No. PJM 08-1696, 2010 WL 3001986, at \*25 (July 29, 2010), <u>appeal docketed</u> No. 10-1891 (4th Cir. 2010)." This Court then predicted that it "will certainly benefit from an up-to-date analysis by the Fourth Circuit of some of the principal legal issues that have been raised in this case."

On October 29, 2010, the Plaintiffs and Defendants submitted separate proposed jurisdictional discovery plans, and the United States of America submitted a Statement of Interest of the United States. <u>See</u> ECF Nos. 107, 108, 109. The Court has read and considered

each proposed discovery plan and the Statement of Interest of the United States.  The Court has also listened to recordings of the oral arguments held on October 26, 2010 before the Fourth Circuit in the Al Shimari, Taylor and Al-Quraishi cases and is aware that the Supreme Court of the United States has invited the Solicitor General to file a brief in another related case, Saleh et al v. Titan Corp., et al., 580 F.3d 1 (D.C. Cir. 2009) writ of certiorari docketed No. 09-1313 (2010).  Having listened to the oral argument recordings, the Court is even more convinced that the disposition of these cases will be of significant assistance in determining the appropriate duration and scope of jurisdictional discovery, if any, in these cases.

Accordingly, the Court concludes that the best course of action would be to stay all proceedings in these cases, at least until a decision of the three cases now pending before the Fourth Circuit.  On the assumption, however, that some, limited discovery will eventually be appropriate, the Court believes that certain basic information should be obtained at this time from each Plaintiff with respect to the claims asserted by them.

The reason for this is that the Court does not wish to burden the military or any Defendant with discovery requests concerning the operation of burn pits or water purification facilities at locations or during periods of time for which there is no Plaintiff who is in a position to assert a viable claim.  Therefore, assuming that some discovery eventually will be appropriate, the first task should be to focus solely on the operation of these burn pits and water purification facilities for which there may be a Plaintiff asserting a potentially viable claim.  With that information in hand, the Court will be better equipped to tailor carefully limited discovery responsive to the claims asserted by those Plaintiffs.

The Court will, therefore, by separate Order, direct that each Plaintiff execute and file with this Court an affidavit in a uniform format that contains certain basic information.  With

respect to all Plaintiffs asserting claims arising out of the <u>operation of burn pits</u> by the Defendants, the affidavit shall contain the following information:

1. Full Name and Address;

2. Capacity in which Plaintiff served in Iraq and/or Afghanistan, i.e., military, employee of military contractor, other government employee or civilian;

3. Beginning and ending dates of each term served in Iraq and/or Afghanistan;

4. A list of each and every base where the Plaintiff served that had an open air burn pit operated by any Defendant. For each such base, include the following information:

   a) the beginning and ending dates of the time Plaintiff served on the base;

   b) the specific date(s) Plaintiff claims a Defendant operated the burn pit(s) in a way prohibited or unauthorized by the military during his/her term of service on the base;

   c) the specific date(s) on which the Plaintiff alleges that he or she was injured; and

   d) the specific manner in which the Plaintiff claims a Defendant operated the burn pit(s) in a way prohibited or unauthorized by the military.

5. A concise description of the injuries or illnesses suffered by the Plaintiff that are alleged to have been caused by actions of the Defendants;

6. A concise description of the incinerated materials or substances alleged to have caused the injury.

With respect to all Plaintiffs asserting claims arising out of the <u>furnishing of water</u> <u>purification facilities</u> by any Defendant, the affidavit shall contain the following information:

1. Full Name and Address;

2. Capacity in which Plaintiff served in Iraq and/or Afghanistan, i.e. military employee of military contractor, other government employee or civilian;

3. Beginning and ending dates of each term served in Iraq and/or Afghanistan;

4. A list of each and every base where the Plaintiff served that had a water purification facility operated by any Defendant. For each such base, include the following information:

    a) the beginning and ending dates of the time Plaintiff served on the base;

    b) the specific date(s) Plaintiff claims a Defendant operated a water purification facility in a way prohibited or unauthorized by the military during his/her term of service on the base;

    c) the specific date(s) on which the Plaintiff alleges that he or she was injured; and

    d) the specific manner in which the Plaintiff claims a Defendant operated the water purification facility in a way prohibited or unauthorized by the military.

5. A concise description of the injuries or illnesses suffered by the Plaintiff that are alleged to have been caused by actions of the Defendants;

6. A concise description of the materials or substances in the water alleged to have caused the injury.

Once this basic information is on file, and with the benefit of additional decisional authority by the Fourth Circuit, the Court can effectively "match" each Plaintiff with the appropriate jurisdictional discovery, if any, to which he or she may be entitled, thus tailoring and limiting the discovery in a manner that will not unduly burden the operations of the United States military or any Defendant.


Date:  <u>December 10, 2010</u>                    <u>            /s/            </u>
                                                 Roger W. Titus
                                                 United States District Judge